WHIPPLE, C.J.,
dissenting.
| tThe question of withdrawal of counsel largely rests with the discretion of the trial court, and the trial court’s ruling will not be disturbed in the absence of a clear showing of an abuse of discretion. State v. Brown, 2003-0897 (La. 4/12/05), 907 So.2d 1, 15. Upon the trial court’s denial of the motion to re-enroll filed by Porter, Fox-worth, and Heron, although defense counsel Porter filed a writ application of the trial court’s ruling to this court, it was not considered due to rule violations. See State v. Green, 2014-0009 (La. App. 1st Cir. 4/21/14) (unpublished writ action). No further efforts to either file a proper writ application or otherwise obtain appellate review of that ruling were pursued by defense counsel; thus, the matter proceeded to trial. Considering defense counsels’ failure to seek review of the trial court’s ruling, I am constrained to find no abuse of the trial court’s discretion in denying defense counsels’ motion to re-enroll.
For these reasons, I respectfully disagree with the majority’s opinion herein and would affirm the defendant’s convictions and sentences.